UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JUSTIN WRIGHT,

                                  **AMENDED**
                                  **COMPLAINT**

                          Plaintiff,              JURY TRIAL DEMANDED

            -against-               12-CV-00207 (LDW) (WDW)


COUNTY OF SUFFOLK, TOWN OF ISLIP,
SUFFOLK COUNTY POLICE DEPARTMENT,
HAMLET OF BRENTWOOD and SUFFOLK COUNTY
POLICE OFFICERS MATTHEW ROLLMAN,
CHARLES GAMBINO, SGT. GEORGE W. READING,
and SGT. MICHAEL A. CROWLEY,
(individually and in their capacity as
Suffolk County Police Officers),

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff, by his attorneys **SHAFRAN & MOSLEY, P.C.**  respectfully sets forth as follows:

      1.   This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988 and the  Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdictions of this court to hear and decide claims arising under New York State Law.

## Parties

      2.   Plaintiff is at all times hereinafter relevant, a resident of the County of Suffolk and the State of New York.

1

3.      That defendant, COUNTY OF SUFFOLK (hereinafter "COUNTY"), TOWN OF ISLIP, HAMLET OF BRENTWOOD, and SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter ""THE POLICE") are  municipal corporations, duly organized and existing under and by virtue of the laws of the State of New York, having its principle place of business in the county and County of Suffolk and the  SUFFOLK COUNTY POLICE DEPARTMENT  is an agency and or branch of the defendant COUNTY and that COUNTY is responsible, as a matter of law, for the ownership, operation, management and control of THE POLICE and all of its officers, agents licensees and employees and all acts thereof.

4.      That at the time of the occurrences complained of herein, and at all times relevant hereto, defendants, Suffolk County POLICE OFFICERS MATTHEW ROLLMAN, CHARLES GAMBINO, SGT. GEORGE W. READING and SGT. MICHAEL A. CROWLEY were and are employees of defendant COUNTY and acted in their individual and official capacities and within the scope of their employment and under color of State Law, to wit, under color of the statutes ordinances regulations, policies, customs and  usages, of the State of New York and  County of Suffolk.

5.      That at the time of the occurrences complained of herein, and at all times relevant hereto, said police officers  were acting individually and in their official capacity as Suffolk County Police officers and pursuant to the direction of defendants, COUNTY, and in furtherance of the scope of their employment and acting under color of law; and defendants were acting in furtherance of the scope of their employment and acting under color of law, to wit under statues, ordinances, regulations, policies, customs and usage of the County and the Police.

2

## Introduction

6.   This action is commenced by the plaintiff for pecuniary damages against defendants for committing acts under color of law and depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York and pendant State law claims.

7.   Plaintiff alleges that defendant police officers, were negligent in arresting plaintiff and taking him into custody and further that defendants committed following wrongful actions against plaintiff including that they committed assault, battery, battery with a taser, false arrest, and false imprisonment.  Moreover, defendants subjected plaintiff to excessive physical force, gross excessive force, prima facie tort, malicious prosecution, abuse of process, hate crimes, conspiracy, cover up, improper investigation, falsification of police documents, all in violation of plaintiff's civil rights and rights under 42 U.S.C. sections 1983, 1985 and 1986 the common law and State and City law code, rules and or regulations.  Plaintiff seeks compensation for  the unconstitutional and torturous conduct of police officers who witnessed and were aware of these events yet failed to control subordinates with a history of abusive and malicious behavior.

8.   Plaintiff seeks redress against the County of Suffolk for customs, policies and practices that permitted condoned, and preserved a "code of silence" environment in which the most violent police officers believed that they would be insulated from a prompt and effective investigation, prosecution and conviction for even their most brazen acts of brutality. The routine policy of Suffolk County police officers to conceal as privileged admissions of misconduct and crimes by fellow officers while under an affirmative legal obligation to come forward with evidence of wrongdoing adds brick and mortar to the "wall of silence." Plaintiff

alleges that defendants the County and the Police were negligent in training, hiring and supervising defendant police officers,   thus leading to the negligent, reckless, intentional and improper acts complained of herein and the assault, excessive force, gross excessive force, physical detention, malicious prosecution, abuse of process, abuse of authority, false arrest and false imprisonment of the plaintiff and further, said occurrence was occasioned by the carelessness, recklessness and negligence of the respondents and their agents, servants, licensees and/or employees, governing the ownership, operation, maintenance, management and control of the defendant police department in arresting and/or detaining plaintiff against his will and without cause and falsely, participating in said false arrest and detention and when it had become clear that improper police conduct had occurred in said arrest and detention and treatment of plaintiff in improperly and negligently investigating other officers, inclusive of all supervisors in the chain of command and upon information and belief all investigating personnel, in failing to follow procedures as outlined in the patrol guide and other Police Department rules, regulations, protocols and guidelines as well as the law. The extraordinary injuries inflicted upon plaintiff are the result of these defendants unconstitutional malice and indifference. The policies, customs and practices of the County of Suffolk have promoted an atmosphere in which the very worst police officers feel assured that evidence of misdeeds depriving citizens of their civil rights, no matter how awful, will be hidden by officers and the "code of silence", where wrong doing and dishonesty goes undetected and unpunished. Police officers who commit crimes are the only class of criminal suspects in New York State insulated from prompt law enforcement interrogation. The imposition of punitive damages against all defendants with the exception of

4

the County and other appropriate equitable relief plaintiff hopes will deter defendants and bring an end to this intolerable cycle of violence and silence.

9.   That defendants' conduct constituted a pattern, policy and practice of deliberate indifference in tolerating excessive force and police misconduct.

## FACTUAL ALLEGATIONS

10.   That on or about April 18, 2009 at approximately 9:00 p.m. Plaintiff, was lawfully situated at or near 69 Adams Street, in the Hamlet of Brentwood, in Suffolk County, New York.

11.   That at the aforesaid time and place plaintiff was approached by the police officers who forcefully knocked plaintiff down to the ground, and assaulted, attacked and brutalized him and subjected plaintiff to excessive force, false arrest, false imprisonment, malicious prosecution, violations of the Penal Code and state and federal constitutional rights, prima facie tort and abuse of process by defendant police officers assigned.

12.   That at the aforesaid time and place plaintiff was beaten, knocked down, kicked tasered, repeatedly, rendered comatose and unconscious by POLICE OFFICERS MATTHEW ROLLMAN and CHARLES GAMBINO of the defendant SUFFOLK COUNTY POLICE DEPARTMENT, Plaintiff was repeatedly tasered by defendant police officers on his face, head, neck, torso, arms and legs. Plaintiff was also kicked and beaten. Upon information and belief supervisors were on the scene, SGT. GEORGE W. READING, SGT. MICHAEL A. CROWLEY who condoned and or sanctioned the actions of defendants  POLICE OFFICERS MATTHEW ROLLMAN and CHARLES GAMBINO and may have participated in the wrongful actions upon plaintiff.

5

13.   That defendant police officers then conspired to conceal and hide their crime by falsely detaining plaintiff and causing plaintiff to be transported to a local hospital as a "John Doe" homeless person with psychological problems. Defendant police officers had full knowledge of the identity of the plaintiff and that they seriously injured plaintiff. Defendant police officers concocted a ruse to cover up their unjustified and unprovoked attack on plaintiff. Defendants delayed medical attention to plaintiff while they concocted a ruse to cover up their misdeeds.

14.   That plaintiff complained to defendant officers at the scene that he had been unwarrantedly assaulted by them and that he had sustained injuries causing substantial pain and bleeding. That the defendant police officers initially ignored plaintiff's pleas for help and continued to assault and tase plaintiff.

15.   That defendant officers transported plaintiff to a local hospital and dropped him off in the emergency room as a "John Doe" patient. Defendant officers knew the name of the plaintiff a that time and knew that they caused injuries to plaintiff when he was presented to the hospital.

16.   That Defendants County and Town of Islip permitted the defendant officers to continue their routine patrol functions even though they knew that such officers violated the civil rights of plaintiff and others. County and the Town of Islip took no disciplinary action against the defendant officers who engaged in abuse of a detainee and other misconduct. The County, the Town of Islip and the Suffolk County Police Department maintained a policy and practice of ignoring police officers violating citizens' civil rights.

17.    That plaintiff was caused to sustain damages. That plaintiff was caused to sustain serious injuries. That plaintiff was caused to suffer severe trauma both physically and mentally, requiring in-patient hospitalization. That plaintiff suffered unconscionable trauma, debasement and humiliation of being assaulted and publicly arrested and imprisoned without cause or justification. Plaintiff was caused to sustain injuries that resulted in hospital admissions at different hospitals, and anticipates future hospital admissions and treatment for physical, psychological and emotional injuries.

18.   That all of the defendants and officers present on the scene or who participated are jointly and severally liable for all of the acts complained of and damages sustained by the plaintiff and responsible for the whole of plaintiff's damages herein and to extent Court determines that Article 16 of the CPLR applies one or more of the exceptions is applicable to this case.

## AS AND FOR A FIRST CLAIM
## 42 U.S.C. SECTION 1983-UNREASONABLE AND EXCESSIVE FORCE

19.    That plaintiff, repeats reiterates and realigns each and every allegation contained in
paragraphs "1" through "18" of this complaint, with the same force and effect as is fully set forth herein.

20.    That on or about April 18, 2009, the defendants acting under color of  law, without probable cause, just cause, provocation or any reason to believe that plaintiff was engaged in any criminal activity, assaulted and battered plaintiff, tasered assaulted, grossly assaulted,

excessively assaulted, and did commit aggravated assault.  That the defendants deprived

plaintiff's right to be free from excessive and unreasonable force.

21.     By reason of the foregoing, plaintiff was caused to suffer from ongoing physical

injuries and mental anguish and to have incurred past,  and will incur future medical and other

expenses, loss of earnings and earnings ability and was  otherwise damaged and injured in the

sum of $10,000,000.00.

## AS AND FOR A SECOND CLAIM
## 42 U.S.C. SECTION 1983-FALSE ARREST AND IMPRISONMENT

22.  That Plaintiff, repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "21" of this complaint, with the same force and effect as is fully set forth

herein.

23.  That on or about April 18, 2009, defendants without just cause negligently,

wrongfully, willfully, maliciously and unreasonably seized plaintiff herein and deprived him of

his liberty and subjected plaintiff to false arrest and imprisonment in violation of rights afforded

him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42

U.S.C. sections 1983, 1985 and the common law of New York State.

24.   Upon information and belief, said actions were carried out and condoned by the

COUNTY, TOWN OF ISLIP and SUFFOLK COUNTY POLICE DEPARTMENT, its agents,

servants and employees, including each of the officers set forth in the caption hereof, who were

acting within the course or scope of their employment.

25.  Plaintiff was subjected to a violation of his civil rights, permanent damage to his

reputation and standing in the community, extreme physical, mental and emotional harm and

distress.

8

26.   By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $10,000,000.00.

**AS AND FOR A THIRD CLAIM**
**42 U.S.C. SECTION 1983-DELAY AND DENIAL OF MEDICAL TREATMENT AND**
**FAILURE TO PROTECT WHILE IN CUSTODY**

27.   That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" of this complaint, with the same force and effect as is fully set forth herein.

28.   That defendants on or about April 18, 2009 by their conduct and under color of the law, defendant police officers acted malicious or at least with deliberate indifference in failing to protect plaintiff from the violence while in police custody and in failing to secure medical attention required for his serious injuries, in a manner that deprived him of his constitutional rights and per perpetuated and exacerbated his physical and mental pain and suffering in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

29.   By reason of the foregoing, plaintiff has been caused to suffer from, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other

expenses, loss of earnings and earnings ability, which are continuing, and has been damaged in

the sum of $10,000,000.00.

**AS AND FOR A FOURTH CLAIM**
**42 U.S.C. SECTION 1983-FAILURE TO INTERCEDE**

30.   That plaintiff, repeats, reiterates and realleges each and every allegation contained

in paragraphs "1" through "30" of this complaint, with the same force and effect as is fully set

forth herein.

31.   By their conduct and under color of law defendant police officers MATTHEW

ROLLMAN or CHARLES GAMBINO or SGT. GEORGE W. READING or

SGT. MICHAEL A. CROWLEY  each had opportunities to intercede on behalf of plaintiff to

prevent the excessive force and unreasonable seizure but due to their intentional conduct or

deliberate indifference declined or refused to do so.

32.   By reason of the above, plaintiff has suffered great injuries ongoing physical injuries

and mental anguish and has been caused to have incurred medical and other expenses, loss of

earnings and earnings ability, past and future, and has been damaged in the sum of

$10,000,000.00.

**AS AND FOR A FIFTH CLAIM**
**42 U.S.C. SECTION 1983 SUPERVISORY LIABILITY**

33.   That plaintiff, repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "32" of this complaint, with the same force and effect as if fully set forth

herein.

34.  That on or about April 18, 2009 the defendant Suffolk County Police Department, at

all times relevant herein, maintained supervisory personnel with oversight responsibility foe

defendants MATTHEW ROLLMAN and/or CHARLES GAMBINO including  SGT. GEORGE

W. READING or SGT. MICHAEL A. CROWLEY. They were responsible for the training,

instruction, supervision and discipline of the officers who brutalized plaintiff. Upon information

and belief the aforesaid supervisory employees received complaints regarding the conduct of

defendant officers, knew about past complaints, aberrant behavior, and disciplinary infractions,

or in the exercise of due diligence, would have perceived that these officers had conduct and

disciplinary problems that posed a pervasive and unreasonable risk of harm to plaintiff and the

public at large and upon information and belief either or both supervisors were present at the

scene of the occurrence and could have interceded.

35.   That these defendants knew, or in the exercise of due diligence would have known

the conduct of defendant officers against plaintiff would likely occur.

36.   That these defendants failed to take preventative and remedial measures to guard

against the brutality and cover up committed by the defendant officers.  Had they taken

appropriate action plaintiff would not have been injured.

37.   The Police Department failed to take corrective measures to prevent further and

other acts of excessive by the defendant officers even though they were aware of prior

inappropriate behavior when dealing with civilians.

38.   The failure of these individuals supervisory defendants to supervise and discipline

the defendant officers constitute gross negligence, deliberate indifference, or intentional

misconduct which directly caused the deprivations suffered by plaintiff.

39.   By reason of the foregoing plaintiff has suffered confinement, ongoing physical

injuries and mental anguish and has been caused to have incurred medical and other expenses,

11

loss of earnings and earnings ability, past and future and has been damaged in the sum of $10,000,000.00.

**AS AND FOR A SIXTH CLAIM**
**42 U.S.C. SECTION 1985 CONSPIRACY**

40.   That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" of this complaint, with the same force and effect as if fully set fourth herein.

41.   Defendants officers and other members of the Suffolk County Police Department, under color of law, conspired with one another to deprive plaintiff, an African American, of his constitutional rights, including the rights to be free from the intentional use of unreasonable force, to be free from unreasonable search and seizure, to associate and speak freely, to have access to seek redress in the courts and to be free from false arrest, false imprisonment, and the delay and denial of medical attention.

42.   As part of the conspiracy, defendant police officers did, among other acts, physically assault and tase plaintiff multiple times while he laid on his stomach with his hands cuffed behind his back and while in police custody.

43.   In furtherance of the conspiracy and defendant officers sought to cover up their crimes by transporting plaintiff to a local hospital and misinformed hospital staff that the plaintiff was an emotionally disturbed person even though they knew that to be false.

44.   By reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $10,000,000.00.

**AS AND FOR A SEVENTH CLAIM**

**42 U.S.C. SECTION 1983 (3) CONSPIRACY TO HINDER PROVISION OF EQUAL PROTECTION**

45.   That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "8" through "47" of this complaint, with the same force and effect as if fully set forth herein.

46.   That the individual defendants conspired with each other and with others for the purpose of hindering and preventing the authorities of the State of New York from securing and proving plaintiff equal protection of the laws.

47.   In furtherance of the conspiracy, and to conceal the crimes and misconduct of defendant officers and others engaged in a cover up.

48.   Among the actions taken in furtherance were false statements made to internal affairs investigations and the abdication of the officers' legal duty to report incriminating evidence to proper authorities.

49.   By reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $10,000,000.00.

**AS AND FOR AN EIGHTH CLAIM42 U.S.C. SECTION 1983 (3) CONSPIRACY TO IMPEDE THE DUE COURSE OF JUSTICE**

50.  That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "8" through "49" of this complaint, with the same force and effect as if fully set forth herein.

51.  That the individual defendants conspired to impede the due course of justice in New York State, with the intent of denying plaintiff the equal protection of the laws.

52.   By reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $10,000,000.00

## AS AND FOR A NINTH CLAIM
## 42 U.S.C. SECTION 1986 ACTION FOR NEGLECT TO PREVENT

53.  That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "8" through "51" of this complaint, with the same force and effect as if fully set forth herein.

54.  Upon information and belief the individual defendants had knowledge that a 42 U.S.C. Section 1985 (3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, neglected or refused to do so.

55.  Defendants could have, with reasonable diligence, promptly reported the brutality to superiors and to duly authorize an investigation. Their failure contributed to plaintiff's suffering gratuitously before medical care was obtained for him.

56.  Had the defendants complied with the law and furnished truthful information to the authorities investigating the brutality, the plaintiff sustained on April 18, 2009 and the further

14

and other violations plaintiff sustained thereafter, the Section 1985 (3) conspiracy and Section 1983 violations would not have succeeded to the extent that it did and continues.

57. By reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $10,000,000.00.

**AS AND FOR A TENTH CLAIM**
**42 U.S.C. SECTION 1983 SYSTEMIC CLAIM AGAINST MUNICIPAL DEFENDANTS**

58. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "8" through "57" of this complaint, with the same force and effect as if fully set forth herein.

59. That prior to April 18, 2009 the County developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

60. It was the policy and/or custom of the County to investigate inadequately and improperly civilian complaints of police misconduct and to punish inadequately those complaints which were substantiated. Instead acts of brutality were tolerated by the County.

61. The County maintains no system or an inadequate system of review of police officers who withhold knowledge or give false information regarding misconduct of fellow officers. This failure to identify and track such officers, including the defendant officers, or to discipline, more closely supervise, or retrain such officers who engage in the "blue wall of silence" and often protects and shelters the corrupt officer, rather than safeguard the interest of the public.

62. The County, prior to and at the time of the incidents complained of herein, was aware of the need for additional or different training, rules, regulations, investigation and discipline regarding police officers who practice the "blue wall of silence" and was deliberately indifferent to that need.

63. That the County permitted the police to routinely engage in the type of excessive force and abusive conduct alleged herein. The victims of such misconduct include men and women, juveniles and people from a variety of social, racial and ethnic backgrounds. However, the evidence suggests that the large majority of the victims of police abuses are racial minorities, particularly African-American and people of Latin American or Asian decent. These incidents include people being repeatedly struck with fists, batons or tased, often after minor disputes with officers on the street.

64. Suffolk County's policies and practices operate to insulate police officers who engage in criminal or other serious misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference to that obvious and widely known effect.

65. Suffolk County police officers have for years engaged in a pattern and practice of actively and passively covering up the misconduct of fellow officers by failing to come forward or failing to accurately give evidence regarding misconduct which they are aware, there by perpetuating the "blue wall of silence."

66. The County has been deliberately indifferent to the need for additional or different training, rules, regulation relating to police officers who witness or have information regarding misconduct by fellow officers. The County has failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights

16

of citizens by other police officers, thereby encouraging police officers, including the individual

defendants in this case, to violate the rights of citizens like plaintiff.

67.  That the County was aware for at least a generation that there a pervasive systemic

problem of police brutality involving the Suffolk County Police Officers. Throughout the years

the County's deliberate indifference to police brutality resulted in many egregious acts of

continual violations by police.

68.  That prior incidents of misconduct, and the incident complained of herein were the

direct result of the County's deliberate indifference to its police officers violating the rights of its

citizens.

69.  That by reason of the foregoing and as a direct result of the County's policies and its

deliberate indifference, plaintiff has suffered confinement, ongoing physical injuries and mental

anguish and has been caused to have incurred medical and other expenses, loss of earnings and

earnings ability, past and future, and has been damaged in the sum of $10,000,000.00.

**AS AND FOR AN ELEVENTH CLAIM**
**PENDENT CLAIM OF GROSS NEGLIGENCE AND NEGLIGENCE**

70.  That plaintiff, repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "69" of this complaint, with the same force and effect as if fully set forth

herein.

71.  The individual defendants and defendants have been grossly negligent and negligent

in supervising, training, and monitoring of their representatives who consult with and counsel

police officers who are witnesses to crimes and misconduct by their fellow officers.

72.  By virtue of the unique public safety considerations implicated by police violence, its

pivotal role in official investigation of police misconduct, and its expressed undertakings rules

17

and regulations, the County and the individual defendants have a duty to make sure their agents and/or employees, who are also police officers, do not violate their duties as police officers to report crimes and misconduct by fellow officers.

73. The County and the individual defendants have been grossly negligent and negligent in the instruction and training they provide to their police officers regarding their responsibilities to report crimes or misconduct by other police officers.

74. That the County and the individual defendants have been on notice for many years that their representatives have played a role in the improper obstruction of criminal investigations of Suffolk County police officers.

75. That the County and the individual defendants knew or should have known that their policies and practices have contributed to improper concealment of admissions by police officers, and a "blue wall of silence" being followed by police officers to cover up crimes and misconduct.

76. The County and the individual defendants knew or should have known that their policies and practices, as well as their grossly negligent and negligent supervision and training, created an atmosphere where the most violent police officers felt assured that their most brazen acts of misconduct would be swiftly and effectively investigated and prosecuted.

77. That the mistreatment and torture of plaintiff previously set forth, and the subsequent cover up of those events, were reasonably foreseeable results of the County's and the individual defendants' negligent conduct.

78. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses,

loss of earnings and earnings ability, past and future, and has been damaged in the sum of

$10,000,000.00.

**AS AND FOR A TWELFTH CLAIM**
**PENDANT CLAIM OF ASSAULT AND BATTERY**

79.     That plaintiff, repeats, reiterates and realleges each and every allegation contained

in paragraphs "1" through "78" of this complaint, with the same force and effect as if fully set

forth herein.

80.     That the defendants willfully caused plaintiff apprehension, non-consented to

harmful and hurtful contact and physical harm. That the aforementioned actions of the

defendants

constitutes assault and battery.

81.     That the said acts of defendants were willful, unjustified, unwarranted,

unprovoked and unwanted and were motivated solely by a desire to harm plaintiff without

regard to plaintiff's well being or any lawful purpose.

82.     That by reason of the foregoing plaintiff has suffered confinement, ongoing

physical injuries and mental anguish and has been caused to have incurred medical and other

expenses, los of earnings and earnings ability, past and future, and has been damaged in the

sum of $10,000,000.00.

**AS AND FOR A THIRTEENTH  CLAIM**
**PENDANT CLAIM OF FALSE ARREST AND IMPRISONMENT**

83.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs "1" through "82" of this complaint, with the same force and effect as is fully set forth

herein.

84.      That defendants without provocation sufficient cause or reason subjected plaintiff to an unlawful detention, arrest and imprisonment.  That the aforementioned actions of the defendants on April 18, 2009 constituted false arrest and false imprisonment.

85.      By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past,  and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $10,000,000.00.

## AS AND FOR A FOURTEENTH CLAIM
## PENDANT CLAIM OF MALICIOUS PROSECUTION

86.      Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "85" of this complaint, with the same force and effect as is fully set forth herein.

87.       That defendants knew there was no basis for the institution and prosecution of criminal charges against plaintiff on April 18, 2009.  That the aforementioned actions of the defendants constitute malicious prosecution.

88.      By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past,  and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $10,000,000.00.

## AS AND FOR A FIFTEENTH CLAIM
## PENDANT CLAIM OF ABUSE OF PROCESS

89.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "88" of this complaint, with the same force and effect as is fully set forth herein.

90.      That defendants used their position of authority to institute and perpetuate false and misleading charges against plaintiff.  That the aforementioned actions of the defendants constituted abuse of process.

91.     By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past,  and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $10,000,000.00.

## AS AND FOR A SIXTEENTH CLAIM
## PENDANT CLAIM OF NEGLIGENT HIRING AND RETENTION

92.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "91" of this complaint, with the same force and effect as is fully set forth herein.

93.      That defendants were negligent in hiring and retention of the named defendant officers.  That the aforementioned actions of the defendants constituted negligent hiring and retention.

94.     By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past,  and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged

and injured in the sum of $10,000,000.00.

## AS AND FOR A SEVENTEENTH CLAIM

**PENDENT CLAIM OF FOR NEGLIGENCE FOR FAILING TO CARE, PROTECT, AND OBTAIN MEDICAL TREATMENT**

95.   That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "94' of this complaint, with the same force and effect as if fully set forth herein.

96.   As police officers defendants John Doe 1-5 and other unknown John Doe and Joe Doe police officers had a duty to care, protect, and obtain medical treatment for plaintiff while in their custody.

97.   That defendants knew or should have known about the severe injuries plaintiff had suffered and were negligent in their failure to protect him from further injury and their failure to prevent an unconscionable and unnecessary denial and delay in medical treatment and transport to a hospital.

98.   That defendants were negligent in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment including but not limited to tasers and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody.

99.   That defendants failed to comply with police custom, practice and usage as well as their own internal guidelines in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into

22

custody.

100.  By reason of the foregoing, plaintiff was deprived of his liberty, was confined, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past,  and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $10,000,000.00.

**Wherefore**, the plaintiff demands judgment against the defendants:

a) In the first cause of action in the sum of $10,000,000.00;

b) In the second cause of action in the sum of $10,000,000.00;

c) In the third cause of action in the sum of $10,000,000.00;

d) In the fourth cause of action in the sum of $10,000,000.00;

e) In the fifth cause of action in the sum of $10,000,000.00;

f) In the sixth cause of action in the sum of $10,000,000.00;

g) In the seventh cause of action in the sum of $10,000,000.00;

h) In the eighth cause of action in the sum of $10,000,000.00;

I) In the ninth cause of action in the sum of $10,000,000.00;

j) In the tenth cause of action in the sum of $10,000,000.00;

k) In the eleventh cause of action in the sum of $10,000,000.00;

l) In the twelfth  cause of action in the sum of $10,000,000.00;

m) In the thirteenth cause of action in the sum of $10,000,000.00;

n) In the fourteenth cause of action in the sum of $10,000,000.00;

o) In the fifteenth cause of action in the sum of $10,000,000.00;

p) In the sixteenth cause of action in the sum of $10,000,000.00;

q) In the seventeenth cause of action in the sum of $10,000,000.00;

r) a declaratory judgement that the defendants actions constituted an impermissible

policy and practice of excessive force and police misconduct with direction by the Court that the

defendants cease and desist from engaging in such conduct.

S) reasonable attorney fees and punitive damages and for such other and

further relief as this Court deems just, equitable and proper.

Dated: February 1, 2013
      White Plains, N.Y.

                                       SHAFRAN & MOSLEY, P.C.
                                       Attorneys for Plaintiff
                                       44 Church Street
                                       White Plains, NY 10601
                                       914-448-7000

                                       _/s/_____
                                       Kevin L. Mosley